| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re<br><br>**ALIRIO BELLO, a/k/a**<br>**ALIRIO BELLO MONTOYA,**<br><br>                        Debtor.<br>------------------------------------------------------------x<br>**ROBERT L. GELTZER**, as Trustee of<br>the Estate of **ALIRIO BELLO**,<br><br>                        Plaintiff,<br><br>         - against -<br><br>   **ALIRIO BELLO**,<br><br>                        Defendant.<br>------------------------------------------------------------x | 13-3489448<br><br>**Chapter 7**<br><br>**Case No. 10-43744-CEC**<br><br><br><br><br><br><br><br><br>**Adv. Proc. No.** |

## COMPLAINT REVOKING DISCHARGE

      Robert L. Geltzer, Chapter 7 Trustee (the "Trustee") for Alirio Bello, the Debtor, the plaintiff herein, by its counsel, Law Offices of Robert L. Geltzer, as and for its complaint against Alirio Bello (the "Debtor" or "Defendant"), alleges as follows:

### JURISDICTION AND VENUE

      1.  This is an adversary proceeding brought pursuant to and under Rule 7001, <u>et seq</u>. of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to Section 727 of Title 11, United States Code (the "Bankruptcy Code").

      2.  The United States District Court for the Eastern District of New York has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.  By virtue of 28 U.S.C. § 157(a), and the Order dated July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

3. This adversary proceeding arises under, and in the case of, Alirio Bello, Case No. 10-43744 (CEC), pending under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

4. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1049(a).

5. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

6. The Docket, as of October 18, 2010 shows that a discharge has been issued to the Debtor.

**PARTIES**

7. On or about April 28, 2010, the Debtor filed a voluntary petition (the "Petition") under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York.

8. On or about April 28, 2010, the Trustee was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate pursuant to § 701, and pursuant to § 702(d) of the United States Bankruptcy Code thereafter became permanent Trustee by operation of law, and is serving as such.

9. The Debtor is an individual whose address is 149-59 20th Avenue #101, Whitestone, New York 11357.

**OBJECTIONS TO DISCHARGE**

10. This is an action brought pursuant to § 727 of the Bankruptcy Code to revoke the discharge issued to the Debtor.

11. On April 28, 2010 the Debtor commenced the instant bankruptcy case. Along with the Petition, the Debtor filed Schedules of Assets and Liabilities and a Statement of Financial Affairs.

12. The Trustee claims that the Defendant is the owner of, and holding, a 2005 Chevrolet Equinox (the "Vehicle"), which he did not initially disclose on his Schedules. On July 21, 2010, the Debtor amended his schedules and listed the Vehicle. No liens attach to the Vehicle and with respect to which an incorrect exemption of $2,700.00 has been claimed on amended Schedule C.

13. As per the Kelley Blue Book, the Vehicle is worth between $6,780.00 and $8,380.00 and, thus, it has equity such that a distribution can be made to creditors.

14. Said Vehicle is property of the estate as provided for in § 541 of the Bankruptcy Code.

15. The turnover of the Vehicle was duly demanded at the Section 341 meeting and by letters to Debtor's attorney, none of which has generated any response, resulting in Adv. Pro. #10-1335 seeking its turnover (the "Turnover Proceeding"), and whose commencement has not even generated the turnover.

16. Subsequent to the filing of the Turnover Proceeding, Hector M. Roman, Esq. ("Roman") contacted the Trustee's attorney and represented that Roman was counsel to the Defendant, not Martin Vazquez, Esq., the attorney of record. During that telephone call, Roman requested an extension of time to answer the Complaint to which the Trustee agreed. Additionally, Roman represented to the Trustee that Roman would be able to settle the Turnover Proceeding. At the initial pre-trial conference on February 8, 2011 in connection with the Turnover Proceeding, the Trustee's counsel advised the Court that the Defendant's time to answer had been extended to February 22, 2011 and, furthermore, the matter would be settled.

17. On or about February 22, 2011, Roman purportedly answered the Complaint in the Turnover Proceeding; however, he failed to file it with the Court.

18. Prior to the next pretrial conference held in the Turnover Proceeding on March 15, 2011, the Trustee's counsel and Roman had further conversations regarding a settlement to which Roman represented that the matter would be settled. Additionally, he asked

the Trustee's counsel if Roman could be excused form the March 15, 2011 hearing inasmuch as he had another hearing to attend. Given Roman's representations, at the March 15, 2011 hearing (which Roman did not attend), the Trustee's counsel again advised the Court that the matter would be settled. The Court adjourned the matter to May 10, 2011.

19. On or about April 1, 2011, Roman advised the Trustee that his client would not offer to buy back the estate's interest in the Vehicle, but would turn it over; however, the Debtor has not turned over the Vehicle. Moreover, the Debtor has had exclusive use of the Vehicle post-petition for over a year, which has devalued the Vehicle.

20. Roman's conduct is in violation of Your Honor's Administrative Order 568 which states, among other things, that: "A lawyer should not falsely hold out the possibility of settlement as a means for adjourning discovery or delaying a trial."

## CLAIMS FOR RELIEF

21. Section 727(a)(2) and of the Bankruptcy Code provide, in pertinent part:

(a) The court shall grant the debtor a discharge, unless - . . .

    (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed -

    (B) property of the estate, after the date of the filing of the petition.

22. Pursuant to §727(c)(1) of the Bankruptcy Code, the Trustee . . . may object to the granting of a discharge under subsection (a) of this section.

23. Pursuant to §727(d) of the Bankruptcy Code, on the request of the trustee . . . the Court shall revoke a discharge granted under subsection (a) of this section if–

    (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

24. By virtue of failing to turn over the Vehicle which is, estate property pursuant to §§ 541 and 542 of the Bankruptcy Code: (i) the Petition was filed in bad faith and for the purpose

of defrauding creditors; (ii) the Debtor's discharge was obtained through fraud of the Debtor; and (iii) the Debtor knowingly and fraudulently made false oaths or accounts in this case.  Accordingly, pursuant to § 727 of the Bankruptcy Code, the Debtor's discharge should be revoked.

**WHEREFORE**, the Trustee demands judgment against the Debtor as follows:

(a) The Debtor's discharge be revoked; and

(b) Costs and attorneys' fees be levied against the Debtor; and

(c) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 14, 2011

        Law Offices of
        ROBERT L. GELTZER
        Counsel to the Trustee

        By: /s/ Robert L. Geltzer
           Robert L. Geltzer (RG 4656)
           A Member of the Firm
           1556 Third Avenue, Suite 505
           New York, New York  10128
           (212) 410-0100